JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY NUNLEY,<br><br>                Plaintiff,<br><br>     v.<br><br>KENNETH BROCK,<br><br>                Defendant. | Case No. 2:20-cv-07119-JLS-SHK<br><br>**ORDER DISMISSING MATTER, WITHOUT PREJUDICE** |

      On July 9, 2020, Plaintiff Billy Nunley ("Plaintiff"), a pro se prisoner incarcerated at California City Correctional Facility in California City, California, constructively filed[1] a civil rights complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983") against Defendant Kenneth Brock ("Defendant"). Electronic Case Filing Number ("ECF No.") 1, Compl.  For the reasons below, the Court **DISMISSES** the matter, without prejudice.

/ / /

/ / /

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

## I. BACKGROUND

On July 18, 2019, Plaintiff previously filed a similar complaint, under 42 U.S.C. § 1983("§ 1983") against the same Defendant who was a private attorney retained by Plaintiff to assist in a California state criminal matter. ECF No. 1, Compl. at 1; Nunley v. Brock, No. 2:19-cv-06186-JLS-SHK (closed on Aug. 1, 2019) (the "First Nunley Case"). The Court denied Plaintiff's request to proceed without paying the filing fee in the First Nunley Case, explained that Plaintiff could not sue Defendant under § 1983 because Defendant was not a state actor, and dismissed the action without leave to amend. Id. at ECF No. 4, Order Denying Request to Proceed Without Prepayment of Filing Fees at 5. Plaintiff tried to appeal the matter to the Ninth Circuit, but the Ninth Circuit also denied Plaintiff's motion to proceed in forma pauperis and dismissed the appeal as frivolous. Id. at ECF No. 10, Order From Ninth Circuit at 1.

Plaintiff attempts to distinguish the present Complaint from the complaint in the First Nunley Case by stating that:

> In my first lawsuit against my ex-criminal attorney[,] I sued him in the capacity of his office for (Malpractice) as an attorney and was unsuccessful in this [C]ourt. I am now suing him civically [sic] in his personal capacity for his personal negligence and this failure to uphold the contract entered by myself and him.

ECF No. 1, Compl. at 1. Plaintiff again claims that Defendant, a private criminal defense attorney retained by Plaintiff, violated Plaintiff's rights during the course of Plaintiff's criminal proceeding in state court. Specifically, Plaintiff argues that Defendant: (1) violated Plaintiff's Sixth Amendment right to adequate representation; (2) violated Plaintiff's Fourteenth Amendment right to equal protection under state and federal law; and (3) violated Plaintiff's Fifth Amendment right to a fair trial and adequate representation. Id. at 5.

2

Plaintiff alleges that Defendant "unlawfully and maliciously took funds" to represent Plaintiff in his criminal case but did not provide Plaintiff with a defense; "only appeared to one court" proceeding; failed to meet with Plaintiff to discuss Plaintiff's case; and did not keep not keep in contact with Plaintiff's wife regarding Plaintiff's case. Id. at 5-6.

Plaintiff states that Defendant acted under color of law by violating "the ethical business code" and acting in "willful contempt, and negligence on abiding by contract." Id. at 3. He seeks to recover damages in the amount of $50,000 and any funds paid to Defendant for Plaintiff's representation. Id. at 6. Plaintiff did not request to proceed in forma pauperis nor did Plaintiff pay the required filing fees. ECF No. 2, Notice of Filing of Complaint Without Prepayment of Filing Fees or Request Proceed In Forma Pauperis ("Notice").

## II.   LEGAL STANDARD

Section 1915(e)(2) of Title 28 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Additionally, Federal Rule of Civil Procedure 12(h)(3) requires that "[w]henever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999) (citing Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94-95 (1998) (noting that "subject-matter

1  delineations must be policed by the courts on their own initiative[.]").
2  Consequently, the Court is required to determine whether it has subject
3  matter jurisdiction over the matter.
4      In making this assessment, the Court applies the pleading standard from
5  Federal Rule of Civil Procedure 8 ("Rule 8").  Under Rule 8, a complaint must
6  "include a short and plain statement" of the claim and "give the defendant fair
7  notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v.
8  Twombly, 550 U.S. 544, 554, 562-63 (2007).  The complaint must contain more
9  than "naked assertions," "labels and conclusions" or "a formulaic recitation of
10 the elements of a cause of action" to state a claim for relief.  Id. at 555-57.  The
11 Court must accept all of the plaintiff's factual allegations as true in determining
12 whether a plaintiff has stated a claim for which relief could be granted.  Hishon v.
13 King & Spalding, 467 U.S. 69, 73 (1984).  Dismissal is appropriate based either on
14 the lack of cognizable legal theories or the lack of pleading sufficient facts to
15 support cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
16 699 (9th Cir. 1990).
17     Finally, "[a] document filed pro se is to be liberally construed, and a pro se
18 complaint, however inartfully pleaded, must be held to less stringent standards
19 than formal pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90
20 (9th Cir. 2008) (citations and internal quotation marks omitted).  The Court has
21 "an obligation where the petitioner is [pro se], particularly in civil rights cases, to
22 construe the pleadings liberally and to afford the petitioner the benefit of any
23 doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal
24 quotation marks omitted).  If, however, a court finds that a pro se complaint has
25 failed to state a claim, dismissal may be with or without leave to amend.  Lopez v.
26 Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).
27 ///
28 ///

### III. DISCUSSION

Plaintiff's claims fail because he is attempting to sue an individual who is not subject to suit under § 1983 and there does not appear to be any other basis for subject matter jurisdiction to allow this case to go forward in federal court.

### A. There Is No Federal Question Jurisdiction Because The Suit Cannot Be Brought Under § 1983.

To state a claim for relief under § 1983, a plaintiff must plead facts showing that a person acting <u>under color of state law</u> caused a violation of his rights. This "state-action" requirement requires that the deprivation "be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988) (internal quotations omitted).

Here, Plaintiff identifies Defendant as his privately retained counsel in his underlying criminal action. As explained by the Supreme Court:

> Within the context of our legal system, the duties of a defense lawyer are those of a personal counselor and advocate. It is often said that lawyers are "officers of the court." But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983.

<u>Polk Cty. v. Dodson</u>, 454 U.S. 312, 318 (1981). Defendant, as a privately retained attorney, is therefore not a "state actor" under § 1983 and this allegation "fails to state a claim on which relief may be granted." 28 U.S.C, § 1915(e)(2)(B)(ii); <u>see</u> <u>Dodson</u>, 454 U.S. at 318-19 (holding that a public defender's obligation to advance the interests of a client is "essentially a private function, traditionally filled by retained counsel" and therefore not state action).

/ / /

Additionally, because the allegations fail to state a claim on which relief may be granted, this also does not provide a basis for subject matter jurisdiction in this case.

**B.  The Allegations Show That Diversity Jurisdiction Does Not Exist.**

Section 1332, United States Code, Title 28 provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> 
> (1) citizens of different States;
> 
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> 
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> 
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Plaintiff's allegations fail to show that diversity jurisdiction exists for several reasons.  First, in the damages allegations, Plaintiff seek "fifty [t]housand dollars to be refunded and any other damages the court may deem fit and necessary for the negligent behaviors while being my counselor."  ECF No. 1, Compl. at 6.  Though Plaintiff includes the vague allegation of "any other damages," Plaintiff provides no basis to conclude that the damages would be greater than the required $75,000.

Second, there is no indication that Plaintiff and Defendant are citizens of different states.  Rather, by all indications, it appears that Plaintiff and Defendant are residents and citizens of the same state, California.  See ECF No. 1, Compl. at 2-3 (noting that Plaintiff resides in California and that Defendant resides or works

6

in California). Consequently, on this basis alone, there is no reason to conclude that diversity exists.

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED without prejudice, and without leave to amend**.

Dated: September 25, 2020

_____
HONORABLE JOSEPHINE L. STATON
United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge